IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DELOIS N. HUDSON, | : | |
| | : | |
| | : | No. 3:19-cv-00058-CAR-CHW |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP, | : | |
| | : | |

## ORDER ON DEFENDANT'S MOTION FOR INDEPENDENT MEDICAL EXAMINATION AND CONSENT MOTION FOR EXTENSION OF DEADLINES

Currently before the Court are Defendant Wal-Mart Stores East, LP's Motion for Independent Medical Examination ("IME") [Doc. 17] and its Consent Motion for Order of Extension of Deadlines [Doc. 21]. For reasons stated herein, the Motions are **GRANTED**.

I. **Motion for Independent Medical Examination**

Plaintiff Delois N. Hudson sued Defendant Wal-Mart after she slipped on a strawberry in its store located at 4375 Lexington Road in Athens, Georgia, and suffered injuries to her knee and low back. Plaintiff's medical experts have already examined her, and one of her treating physicians concluded that she is a candidate for anterior lumbar interbody fusion surgery, an operation to fuse bones in the lower back. The parties agree that Plaintiff's physical condition is at issue in the case, and Defendant moves to allow

Dr. Thomas Dopson, a specialist in orthopedic surgery with thirty-eight years of experience, to medically examine Plaintiff.

The Court may order a party whose physical condition is in controversy to submit to a physical examination by a suitably licensed or certified examiner.[1] The order may be made only on a motion for "good cause" and must specify the examination's time, place, manner, conditions, and scope, as well as the person or persons who will perform it.[2] A plaintiff in a negligence action who asserts she suffered a physical injury places that injury in controversy and "provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."[3]

Defendant has shown good cause to allow the examination. The Court is unpersuaded by Plaintiff's argument that Defendant cannot satisfy the good cause standard because it already has access to Plaintiff's medical records, diagnostic tests, and deposition testimony. Plaintiff's experts have examined Plaintiff and formed an opinion about her injuries. Defendant, in turn, is entitled to be on "equal footing" and rely on its own expert to determine the cause and nature of Plaintiff's injuries.[4] "Because [Defendant] need not limit [its] case to cross examination, it is appropriate that

---

[1] *See* Fed.R.Civ.P. 35(a).
[2] Fed.R.Civ.P. 35(a)(2).
[3] *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).
[4] *Ornelas v. Southern Tire Mart, LLC*, 292 F.R.D. 388, 391–92, 85 Fed. R. Serv. 3d 388 (S.D. Tex. 2013) ("[A] plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of plaintiff's treating physicians, are available.").

2

[Defendant] be provided reasonable opportunity to challenge [Plaintiff's] claim and testimony."[5] Therefore, Plaintiff must submit to a physical medical examination by the Defendant's expert under reasonable conditions.[6]

Plaintiff's argument that Defendant fails to specify "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform [the examination]" pursuant to Fed. R. Civ. P. 35(a)(2)(B) is meritless. In its motion and reply brief, Defendant details the conditions and scope of the examination, including that it will occur at a time convenient for both Plaintiff and Dr. Dopson; it will take place at Resurgens Orthopedics, 5671 Peachtree Dunwoody Road, #900 Atlanta, Georgia 30342; it will last approximately two or three hours; it will be within the customary, clinical bounds of an orthopedic examination; it will focus on Plaintiff's lumbar spine and radiculopathy complaints; and it may include taking Plaintiff's medical history and conducting non-invasive diagnostic tests such as x-rays of the lumbar spine and left knee. Defendant will cover all costs for the examination and Plaintiff's travel, and Defendant will furnish all reports to Plaintiff's counsel. Thus, Defendant Wal-Mart's Motion [Doc. 19] is **GRANTED.**

II.     **Motion for Extension of Deadlines**

---

[5] *Massey v. Wal-Mart Stores East, LP*, 2012 WL 6597795, Civil Action No. 5:12–CV–204 (MTT) (M.D. Ga. Dec. 18, 2012).
[6] *See Ali v. Wang Laboratories, Inc.*, 162 F.R.D. 165, 168 (M.D. Fla. 1995)).

3

Discovery in this case is scheduled to expire on April 13, 2020. The parties have been proceeding with discovery in good faith, but they have had to cancel several scheduled depositions due to the COVID-19 pandemic and seek an extension. The Court **GRANTS** the parties' request. Discovery in this case is hereby extended for ninety (90) days and will expire on **July 13, 2020**. Dispositive motions must be filed no later than thirty (30) days after the close of discovery, on or before **August 12, 2020.**

## CONCLUSION

For the reasons set forth above, Defendant Wal-Mart's Motion [Doc. 17] is **GRANTED**. Plaintiff Delois N. Hudson is hereby **ORDERED and DIRECTED** to submit to a non-invasive medical examination by Thomas L. Dopson, M.D. at a time and date agreeable to both Dr. Dopson and Plaintiff and within the scope stipulated by Defendant. Defendant Wal-Mart's Consent Motion for Extension of Deadlines [Doc. 21] is **GRANTED**. Discovery will expire on July 13, 2020, and the parties must file all dispositive and/or *Daubert* motions by August 12, 2020.

**SO ORDERED,** this 13th day of April, 2020.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT